IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY EARL PATTERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-04-963-C |
| ) | |
| RON WARD, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

This Petition for Habeas Corpus Relief, brought by a state prisoner under the authority of 28 U.S.C. § 2254, was referred to United States Magistrate Judge Bana Roberts for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation (R&R) on February 15, 2005, recommending the Petition either be dismissed due to the presence of unexhausted claims or that Petitioner file an amended petition pursuing only the exhausted claims. On March 7, 2005, within the time permitted for an objection, Petitioner filed a "Motion to Demur." On March 31, 2005, the Court determined, based on the argument set out in the "Motion to Demur," that Petitioner had elected to dismiss his unexhausted claims and proceed with an Amended Petition. The Court then issued an Order extending the time within which Petitioner could file an Amended Petition. Petitioner has now filed a supplemental brief which is in reality an objection to the R&R of the Magistrate Judge. Although the objection is untimely and could be stricken on those grounds, the Court will consider the merits of this matter *de novo*.

Petitioner filed the present Petition for Writ of Habeas Corpus, asserting three grounds for relief. Respondent filed a motion to dismiss, arguing grounds one and two had not been

brought before the state court and therefore were not exhausted. Petitioner agreed and the Magistrate Judge recommended that Petitioner's case be dismissed because it was a mixed claim containing both exhausted and unexhausted claims for relief. In his recently-filed objection, Petitioner changes course and now argues that his claims are exhausted and that he should be permitted to pursue them.

Despite Petitioner's arguments to the contrary, upon review of the allegations in Petitioner's direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), it is clear that Petitioner has not exhausted all of the issues presented here. Thus, the Court adopts the reasoning of Judge Roberts' R&R. However, after the Magistrate Judge's R&R was filed, the Supreme Court issued its opinion in Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005). Rhines alters the procedure for disposing of mixed habeas petitions.

Following Rhines, when faced with a mixed petition, a court should first determine if a petitioner's opportunity for federal review would be undercut by a dismissal of the mixed petition. If so, the court should then determine if the stay and abeyance procedure is warranted. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Turning to the facts in the present case, Petitioner cannot show good cause for his failure to present his claims to the state court. As Judge Roberts noted, the Oklahoma Post-Conviction Procedure Act, 22 Okla. Stat. §§ 1080, *et seq.*, provides a mechanism for raising the claim pressed in ground one. The facts presented in grounds two and three were known to Petitioner at the time he filed his direct appeal and could have been pursued at that time. Thus, Petitioner cannot meet the good

cause element and stay and abeyance is inappropriate.  In circumstances such as these, Rhines directs the Court to permit a petitioner to dismiss his unexhausted claims so that the exhausted claims can proceed.  Rhines, at 1535.  Although Petitioner has had ample opportunity to act in this manner and has failed to do so, the Court will grant one additional opportunity.

So there will be no question, the only claims presented in the present Petition which were properly exhausted are:  ineffective assistance of counsel in failing to object to Officer Gaylon offering expert testimony and ineffective assistance of counsel in failing to object to the trial court's acceptance of Officer Gaylon's expert testimony.  None of the other claims raised in the Petition have been properly exhausted and therefore cannot proceed in this Court.  Within twenty days of the date of this Order, Petitioner may unequivocally dismiss the unexhausted claims or the entire Petition will be dismissed.

## CONCLUSION

As set forth more fully herein, the Court ADOPTS the Report and Recommendation of the Magistrate Judge in part.  The Court agrees that Petitioner has presented a mixed Petition.  Thus, Petitioner must, within twenty days of the date of this Order, dismiss the unexhausted claims set out in detail above.  Failure to comply will result in dismissal of the entire Petition.

IT IS SO ORDERED this 29th day of April, 2005.

ROBIN J. CAUTHRON
United States District Judge